**AFFIRMED and Opinion Filed December 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01147-CV**

**PHILIP FLOYD, Appellant**
**V.**
**MMWKM ADVISORS, LLC, SERIES ERD I AND ELIAS DRAGON,**
**Appellees**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-02423-2021**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Goldstein

Philip Floyd appeals the trial court's judgment confirming an underlying arbitration award, entering a final judgment in accordance with the arbitration award, and awarding MMWKM Advisors, LLC, Series ERD I and Elias Dragon damages, interest, and attorney's fees. In two issues, Floyd argues the trial court did not have jurisdiction over MMWKM's application to confirm the arbitration award because MMWKM did not pay the filing fee, and the trial court erred in granting the motion to confirm without considering Floyd's pending motion to vacate the award. We affirm the trial court's judgment.

## BACKGROUND

In April 2021, MMWKM filed a demand with the American Arbitration Association seeking arbitration of its claim against Floyd arising out of Floyd's alleged breach of his Investment Adviser Representative Agreement (the Agreement) with MMWKM. The description of claim attached to the arbitration alleged that, under the Agreement, Floyd served as an investment adviser representative of MMWKM clients, and Floyd agreed that, for three years after the termination of his employment with MMWKM, Floyd would not render to MMWKM's clients the same services that MMWKM provides. Pursuant to the Agreement, Floyd agreed that, if he did provide such services to MMWKM clients, he would pay an agreed amount to MMWKM to buy out those client relationships. The demand alleged Floyd ended his employment with MMWKM on February 5, 2021, and thereafter rendered services to clients he had served while employed at MMWKM. As a result, the demand averred Floyd owed a minimum of $368,448.75 for those client relationships, but Floyd refused to pay.

On May 7, 2021, Floyd filed in Collin County district court a petition for declaratory judgment seeking a declaration that the liquidated damages clause in the Agreement was an unenforceable penalty provision not based on any actual damages. The record reflects a May 7, 2021, fee of $371 was paid in connection with the filing of Floyd's petition. MMWKM filed a verified motion to abate and compel arbitration along with an original answer. Floyd filed a motion to abate the

–2–

arbitration case. On June 15, 2021, the trial court issued an order granting the verified motion to abate and compel arbitration.

The case proceeded to arbitration, resulting in an arbitration award in favor of MMWKM in the amount of $939,370.20 in damages, $24,808.04 in interest, and $436,161.84 in attorney's fees. On May 17, 2022, MMWKM filed a verified application to confirm the arbitration award and motion to enter final judgment. The next day, Floyd filed an objection to confirmation of the arbitration award asserting the arbitration award should be vacated because (1) it was procured by corruption, fraud, or undue means; (2) there was evidence of partiality or corruption by the arbitrator; (3) the arbitrator was guilty of misconduct or misbehavior that prejudiced Floyd's rights; (4) the arbitrator exceeded her powers or executed those powers so imperfectly that there was no mutual, final, and definite award; (5) the arbitrator failed to submit a reasoned award as agreed to by the parties and the arbitrator; and (6) the arbitrator failed and refused to follow Texas substantive and procedural law despite the agreement of the parties that Texas law should apply.

On June 14, 2022, the parties were notified that an in-person hearing on MMWKM's verified application to confirm and motion to enter final judgment was set for June 27, 2022. Beginning the next day, Floyd filed multiple motions for continuance, objections to confirmation of the arbitration award, and a motion to vacate the arbitration award and motion to modify award. At the hearing on June 27, 2022, the trial court deferred ruling on MMWKM's motion to confirm and

–3–

Floyd's motion to vacate until a later date. On August 1, 2022, the trial court held another hearing at which Floyd argued the trial court should continue the hearing on the motion to confirm the arbitration award so that Floyd could conduct discovery on his arguments against confirming the award. MMWKM responded that Floyd was "simply wrong" in his belief that he was entitled to a jury trial on his motion to vacate the arbitration award, and motions to confirm or vacate arbitration awards "are decided by courts as a matter of law." On the issue of whether Floyd was entitled to a continuance in order to conduct further discovery, MMWKM asserted that Floyd had "close to three months" since the arbitration award was issued and had failed, in that time, "to present any evidence whatsoever that would meet the standard of law for vacating an arbitration award." MMWKM argued that "the bottom line" was that, unless Floyd could prove fraud or corruption by the arbitrator, confirmation of the award was required "as a summary matter." Despite Floyd's multiple allegations of fraud, corruption, and dishonest conduct against the arbitrator, MMWKM argued, Floyd had "not actually alleged any actions that, if true, would require vacating the award under the legal standard in Texas." The trial court asked Floyd what discovery he would conduct to have the arbitration award vacated. Floyd responded he would seek the arbitrator's billing records because the arbitrator "did not do her job" and "disregarded the existing law that was provided to her that the [underlying] contract was unenforceable." At the conclusion of the hearing, the trial court observed that it was "very clear" that Floyd was asking the

–4–

court to "look at the record that the arbitrator had and determine that the arbitrator must have been operating in bad faith or operating under a guise of fraud or corruption because of how wrong the arbitrator was." The trial court stated it could not "make that leap" and denied the motion to vacate the arbitration award, granted the motion to confirm the award, and denied Floyd's motion for a continuance. On August 1, 2022, the trial court signed an order confirming the arbitration award and entering final judgment.

On December 9, 2022, the trial court entered the following findings of fact and conclusions of law:

1. The underlying dispute between the parties was the subject of a binding and enforceable agreement to arbitrate.

2. Pursuant to this court's order, the dispute was submitted to arbitration in AAA Case No. 01-21-0002-6330, and a Final Award was issued by arbitrator Anne Ashby on May 16, 2022.

3. The Final Award was in favor of Defendants, and awarded damages of $939,370.20; pre-hearing interest of $24,808.04; and attorney's fees and costs of $436,161.84.

4. Defendants moved to confirm the award in the above-captioned cause on May 17, 2022. Plaintiff filed an objection to the confirmation of the award on May 18, 2022, and thereafter filed numerous pleadings objecting to the confirmation of the award, seeking a continuance of the confirmation hearing, and requesting time to conduct discovery.

5. Plaintiff's ground for objecting to the Final Award was that the arbitrator's decisions against Plaintiff and in favor of Defendants must have been motivated by improper bias or money, i.e., partiality and/or corruption.

6. Plaintiff offered no evidence to support the theory that the arbitrator's decisions were the result of partiality or corruption.

7. Plaintiff acknowledged that his argument was predicated solely on speculation, due to Plaintiff's disagreement with the arbitrator's decisions.

8. Plaintiff did not provide any basis for believing that Defendants were in possession of facts, documents, or other information that, through discovery, would bear out proof of partiality or corruption by the arbitrator.

9. Further, Texas law does not provide for a dissatisfied party to invade an arbitrator's decision-making process via discovery based on mere surmise or suspicion of improper motive. Disagreement with the arbitrator's decisions, the only alleged proof offered by Plaintiff, does not constitute evidence that the arbitrator was partial or corrupt.

10. Permitting a fishing expedition by Plaintiff in this instance would have deprived Defendants of the benefits of arbitration.

11. Because Plaintiff offered no evidence of bias or corruption on the part of the arbitrator and offered no basis for the court to conclude that discovery from another party or non-party would reveal such information, the court's denial of time for Plaintiff to conduct discovery and denial of any further continuance of the hearing on Defendants' motion to confirm the award were proper and posed no prejudice to Plaintiff.

12. Moreover, the absence of such evidence leaves no genuine fact issue for any trier of fact to consider with respect to Plaintiff's allegations. The only evidence in the record was evidence of an enforceable agreement to arbitrate and an enforceable arbitration award.

13. For these reasons, the court's order confirming the Final Award was proper.

This appeal followed.

## ANALYSIS

In his first issue, Floyd argues the trial court did not have jurisdiction over MMWKM's application to confirm the arbitration award because MMWKM did not pay the filing fee. In support of this argument, Floyd cites only section 171.082(b)

of the civil practice and remedies code dealing with court proceedings related to arbitration and *Hoskins v. Hoskins*, 497 S.W.3d 490, 495 (Tex. 2016). Section 171.082 provides:

> § 171.082. Application to Court; Fees
>
> (a) The filing with the clerk of the court of an application for an order under this chapter, including a judgment or decree, invokes the jurisdiction of the court.
>
> (b) On the filing of the initial application and the payment to the clerk of the fees of court required to be paid on the filing of a civil action in the court, the clerk shall docket the proceeding as a civil action pending in that court.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.082. Referring to the Texas Arbitration Act, the court in *Hoskins* stated that "we may not rewrite or supplement a statute to overcome its perceived deficiencies." *Hoskins*, 497 S.W.3d at 495.

Floyd complains MMWKM filed its application to confirm the arbitration award as a "no fee motion" and intentionally did not pay a filing fee. Because MMWKM did not pay a fee as required by law, Floyd argues, jurisdiction did not attach, and MMWKM's pleading had no force and effect. Floyd's argument ignores the procedural history of this case and further ignores section 171.082(a), which Floyd fails to cite. First, the record shows that the underlying suit was initiated by Floyd himself on May 7, 2021, and reflects that he paid a fee of $371 in connection with the filing of his petition for declaratory judgment. Thus, the fee to initiate the suit was paid by Floyd. Second, the underlying dispute proceeded to arbitration where MMWKM prevailed on its claims and then filed in the underlying suit a

motion to affirm the arbitration award on May 17, 2022. It is not necessary to "rewrite or supplement" section 171.082(a), *see Hoskins*, 497 S.W.3d at 495, because that section already provides that the filing with the clerk of the court of an application for an order confirming the arbitration award invoked the jurisdiction of the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.082(a). Floyd cites no authority, and we have found none, to suggest that MMWKM was required to pay an additional, jurisdictional fee when it filed its application for an order confirming the arbitration award in a trial court where MMWKM was already a party. We overrule Floyd's first issue.

In his second issue, Floyd complains the trial court erred by granting the motion to confirm the arbitration award without considering his pending motion to vacate the award.[1]

Review of a trial court's decision as to vacatur or confirmation of an arbitration award is de novo and reaches to the entire record. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *see Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). However, "[b]ecause Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *E. Texas Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010) (emphasis added);

---

[1] The record reflects that the court orally denied the motion to vacate the award, considered but did not grant the discovery requested, and denied the re-urging of a continuance.

*see Centex/Vestal*, 314 S.W.3d at 683; *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002).

A party asserting that a court should vacate or modify an arbitration award has the ultimate burden of proving grounds for vacating or modifying the award, unless the other party has assumed a traditional summary judgment burden and must negate the grounds alleged for vacating or modifying the award. *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. denied). A party seeking to vacate an arbitration award also bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award. *Centex/Vestal*, 314 S.W.3d at 684. The general rule is that without an arbitration transcript, we must presume the arbitration evidence adequately supported an award. *Id.*

In support of his second issue, Floyd presents a convoluted argument touching on, among other things, his continued insistence that he was entitled to a jury trial on the issue of whether the arbitration award should have been vacated or confirmed. Again citing section 171.082(b), this time Floyd relies on that section for the proposition that, upon filing an application for confirmation of an arbitration award, "the clerk shall docket the proceeding as a civil action pending in that court." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.082(b). Floyd maintains that, when he filed suit on May 7, 2021, he complied with rule of civil procedure 190.1, which requires that every case must be governed by a discovery control plan. Therefore, Floyd argues, "this case was already docketed under TRCP Rule 190.1 when

[MMWKM] filed their application to confirm," and MMWKM did not comply with rule 190.1 and "improperly obtained a final hearing setting of May 25, 2022, to confirm the Application by filing it as a 'no fee motion.'" *See* TEX. R. CIV. P. 190.1.

Floyd asserts there is no rule of civil procedure "that address[es] any special rule(s) that apply to post-arbitration litigation; therefore, any post-arbitration litigation under the TAA is governed under the TRCP as a civil case as specifically stated above in" section 171.082. However, because MMWKM "improperly used the word 'Motion' in the title of their Application they were able to game the system and gain a strategic advantage to get their Application on the court's motion schedule rather than on the civil case docket as required by TRCP Rule 190.1." Floyd complains MMWKM's "gaming the system" allowed it to obtain a "summary disposition on the pleadings" without allowing Floyd his "statutory right to challenge the award" as authorized by both the federal and Texas arbitration acts.

In Floyd's view, he complied with rule 190.1 and the local Collin County rules and obtained a scheduling order and a trial setting for January 11, 2023, prior to the hearing on August 1, 2022, and he repeatedly objected to MMWKM's motion to confirm and sought a continuance to have his motion to vacate heard. Floyd cites section 171.087 of the civil practice and remedies code, which provides that a trial court shall confirm an arbitration award unless grounds are offered for vacating the award and argues his objection to confirmation of the award that stated the grounds for vacating the award was "analogous to an 'Answer' denying [MMWKM's]

application and [put] the pleadings in the application in issue." Floyd argues the trial court interposed "court created arbitration-specific procedural rules" when it proceeded to have a final hearing on August 1, 2022, and "never understood the argument that the Application when challenged must proceed as a civil case" under the rules of civil procedure.

In sum, we read Floyd's argument as follows: he met the requirements of filing the case initially under the rules of civil procedure, including the rule requiring a "scheduling order"; the case therefore should have proceeded under the rules of civil procedure, including the rules permitting Floyd to conduct discovery revealing purported grounds for vacating the arbitration award, until a jury trial in January 2023; and the trial court erred in implementing "court created arbitration-specific procedural rules" that allowed the trial court to ignore Floyd's motion to vacate the arbitration award, disregard MMWKM's obligations under the rules of civil procedure, deprive Floyd of his right to a jury trial, and proceed to a summary disposition of MMWKM's motion to confirm the arbitration award without giving Floyd his statutory right to challenge the award.

Floyd's argument is further premised on his contention that "the only proper method available in Texas for enforcing an arbitration award is by default judgment, motion for summary judgment or trial." Floyd is incorrect. The Texas Arbitration Act specifically provides that an application under the Act is heard in the same manner and on the same notice as a motion in a civil case. TEX. CIV. PRAC. & REM.

–11–

CODE ANN. § 171.093.[2] This section is similar to section 6 of the Federal Arbitration Act and has the same policy—to expedite judicial treatment of matters pertaining to arbitration. *Hazar*, 124 S.W.3d at 430; *see World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 365–66 (2nd Cir.1965). Thus, applications to confirm or vacate an arbitration award should be decided as other motions in civil cases; on notice and an evidentiary hearing if necessary. *Hazar*, 124 S.W.3d at 430. Summary judgment motions are not required for the trial court to confirm, modify, or vacate an arbitration award. *Id.* Thus, we reject Floyd's arguments that the trial court erred in hearing MMWKM's application for confirmation of the arbitration award in the same manner as a motion in a civil case, even though this prevented the case from proceeding to a jury trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.093. Further, the trial court did not utilize "court created arbitration-specific procedural rules"; instead, the court followed the procedures set forth under the Act. *See id.* To the extent Floyd argues that the trial court ignored his motion to vacate, the record is clear that the court considered both the application to confirm the arbitration award and the motion to vacate at the same time.

Finally, to the extent Floyd complains of the denial of his motion for a continuance to conduct further discovery that would reveal misconduct by the

---

[2] "The court shall hear each initial and subsequent application under this subchapter in the manner and with the notice required by law or court rule for making and hearing a motion filed in a pending civil action in a district court." TEX. CIV. PRAC. & REM. CODE ANN. § 171.093.

–12–

arbitrator, we note that, to obtain post-arbitration discovery, Floyd was required to show that the requested discovery would have advanced his request to vacate the award. *Ruff v. Ruff*, No. 05-18-00326-CV, 2020 WL 4592794, at *14 (Tex. App.—Dallas Aug. 11, 2020, pet. denied). Instead, Floyd acknowledged that his argument was predicated solely on speculation due to his disagreement with the arbitrator's decisions. Under these circumstances, we conclude Floyd failed to make a showing that his requested discovery would have advanced his request to vacate the award. *See id.* Having rejected Floyd's arguments under his second issue, we overrule Floyd's second issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

221147F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PHILIP FLOYD, Appellant

No. 05-22-01147-CV     V.

MMWKM ADVISORS, LLC, SERIES ERD I AND ELIAS DRAGON, Appellees

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-02423-2021.

Opinion delivered by Justice Goldstein. Justices Garcia and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MMWKM ADVISORS, LLC, SERIES ERD I AND ELIAS DRAGON recover their costs of this appeal from appellant PHILIP FLOYD.

Judgment entered this 12th day of December 2023.